IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KEITH THOMPSON, | * |
| | * |
| Movant, | * |
| | * |
| vs. | *     No. 4:05CV00942 SWW |
| | *     (No. 4:03CR00182-01 SWW |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

MEMORANDUM OPINION AND ORDER

On February 18, 2004, in the United States District Court for the Eastern District of Arkansas, the movant, Keith Thompson, was found guilty of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Thompson was sentenced to forty-six months imprisonment and three years of supervised release. His conviction and sentence were affirmed on appeal. See *United States v. Thompson,* 403 F.3d 533 (8th Cir. 2005). Now before the Court is Thompson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded in opposition to the motion. For the reasons that follow, the Court finds that the motion should be denied.

I.

On July 2, 2003, the government filed a one-count indictment charging that, "on or about September 2, 2001, in the Eastern District of Arkansas, KEITH THOMPSON did knowingly possess a firearm that had been transported in interstate commerce, that is, one Norinco 7.62 X 39 mm rifle, model SKS, Serial Number 23002859, after he had previously been convicted of a


crime punishable by imprisonment for a term exceeding one year, thereby violating Title 18, United States Code, Section 922(g)(1)." Thompson was tried before a jury, which rendered a guilty verdict on February 18, 2004. He appealed his conviction and sentence, arguing his sentence is invalid under *Booker*; that the court erred in failing to instruct the jury on a defense of justification; and that the court erred by not suppressing evidence.

In the motion before the Court, Thompson asserts his counsel provided ineffective assistance in that she failed to elicit facts and argue that the firearm he possessed does not have the qualifying features of firearms found in 18 U.S.C. § 921(a)(30) and thus the base offense level of 22 was incorrect. He also argues that his counsel was ineffective because she failed to argue that because he was a juvenile when he was convicted of battery, that offense should not have been determined to be a crime of violence and used to establish his offense level.

II.

To establish that he was deprived of effective assistance of counsel, Thompson must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The court need not address both components if the plaintiff makes an insufficient showing on one of the prongs. *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of

the time of counsel's conduct." *Id.* at 690. The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

With respect to the "performance" prong, the Supreme Court has observed:

> The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted — even if defense counsel has made demonstrable errors — the kind of testing envisioned by the Sixth Amendment has occurred.

*United States v. Cronic,* 466 U.S. 648, 656 (1984).

The prejudice prong requires Thompson to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

III.

For purposes of sentencing Thompson, the Court adopted the Presentence Report's determination that the base offense level was 22. This determination was based on U.S.S.G. §2K2.1 (a)(3), which provides, in pertinent part, that if the offense involved a firearm described in 18 U.S.C. § 921(a)(30), and the defendant committed the offense subsequent to sustaining one felony conviction of a crime of violence, the base offense level is 22. Thompson claims his counsel was ineffective for failing to elicit facts to show that the firearm he possessed, a

3

Norinco, Model SKS, 7.62 x 9mm rifle, is not specifically banned under 18 U.S.C. § 921(a)(30)and therefore, his base offense level should have been determined as though he did not possess a § 921(a)(30) weapon.  Thompson argues that the rifle "did have a 'detachable magazine' that held under 50 rounds, but it did not possess any two of the combination of characteristics or features required for it to be the type of firearm listed under any subsections of 18 U.S.C. §921(a)(30)."[1]  Citing *United States v. Jamieson,* 202 F.3d 1293 (11th Cir. 2000), Thompson argues §921(1)(30)(A)(i) does not ban all Norinco brand firearms, and that his counsel was ineffective for failing to know this.

Section 921(a)(30)(A)(i) states: "The term 'semi-automatic assault weapon' means - (A) any of the firearms, or copies or duplicates of the firearms in any caliber, known as - (i) Norinco, Mitchell, and Poly Technologies Avtomat Kalashnikovs (all models)."  In *Jamieson,* the court held that although §921 prohibits all models of Norinco's Avtomat Kalashnikovs, it does not prohibit all Norinco weapons, and because the defendant's weapon did not possess two or more of the features prohibited in § 921(a)(30)(B), it was a legal weapon.  The court vacated the defendant's sentence and remanded the case for resentencing.

The Court is aware of no Eighth Circuit case citing *Jamieson* or any case interpreting the statute as banning only models of Norinco Avtomat Kalashnikovs.  Although the issue does not appear to have been raised or specifically considered in *United States v. Piggie,* 316 F.3d 789 (8th Cir. 2003), the court discussed a Norinco rifle and seemed to presume that a Norinco rifle

---

[1] 18 U.S.C. §921(a)(30)(B) provides that a "semiautomatic assault weapon" means "a semiautomatic rifle that has an ability to accept a detachable magazine and has at least 2 of - (i) a folding or telescoping stock; (ii) a pistol grip that protrudes conspicuously beneath the action of the weapon; (iii) a bayonet mount; (iv) a flash suppressor or threaded barrel designed to accommodate a flash suppressor; and (v) a grenade launcher;"

qualifies as a semiautomatic assault weapon under § 921(a)(30)(i).  *See* 316 F.3d at 794.  The dissent stated as much:  "Title 18 U.S.C. § 921(a)(30)(A)(i) designates a Norinco rifle as a semiautomatic assault weapon."  316 F.3d at 796.  *See also United States v. Haseley,* 67 Fed. Appx. 653, 654-55 (2nd Cir. 2003) (weapon the defendant pleaded guilty to possessing "was a Norinco Model SKS, 7.62 x 39mm, which is described in 18 U.S.C. § 921(a)(30)(A)(i)").  *But see United States v. Fix,* 4 Fed. Appx. 324, 325 (9th Cir. 2001) ("Section 921(a)(30)(A) applies only to AK type Norinco weapons").

The Court finds that Thompson has failed to establish that his counsel was ineffective for not arguing that his base offense level was erroneous because the weapon involved was not included in the descriptions of firearms found in 18 U.S.C. § 921(a)(30).  Considering the state of the law, the Court cannot find that counsel's conduct was "unreasonable . . . which only an incompetent attorney would adopt."

Further, the Court finds counsel was not ineffective for failing to assert the argument that because he was a juvenile at the time of his conviction, Thompson's battery conviction should not be considered a "crime of violence."  The Court finds that counsel's conduct fell within the wide range of professionally reasonable assistance.

IV.

IT IS THEREFORE ORDERED that the motion is denied.

DATED this 30th day of August, 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE